IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Action No. 10-cr-00113-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ALAN HOUSTON JOHNSON,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on government's Motion to Quash Subpoenas [Docket No. 82] and Non-Party M.T.P.'s Sealed Motion to Quash Subpoena for Failure to Comply with Rule 17(d) and as Unreasonable and Oppressive and Request for Forthwith Ruling [Docket No. 87]. On either October 5 or 6, 2010, the defendant served subpoenas on witnesses M.R.M. and M.T.P. to appear at a motions hearing scheduled to begin on Tuesday, October 12, 2010.

The government seeks to quash the subpoenas on the grounds that they are an improper vehicle to obtain discovery by pressuring the witnesses into pre-trial interviews. Witness M.T.P. seeks to quash her subpoena on the grounds that it is unreasonable and oppressive in that she lives in Massachusetts, is the primary caregiver for two young children and arranging travel and care for her children would be burdensome, and that she was not served with the subpoena until October 5, 2010, a week before the hearing. Witness M.T.P. also seeks to quash her subpoena on the grounds that when the subpoena was served on her the process server did not include

a check for her "mileage fee."  The defendant's response to the government's motion to quash gives the Court no reason to believe that the subpoena was an improper attempt to coerce a witness statement.  Moreover, the Court has not found authority to support quashing the subpoena for a failure to tender a mileage fee at the time of service.

However, given the defendant's service of both subpoenas approximately one week before the hearing and given the fact that M.T.P. lives in Massachusetts and M.R.M. lives in Florida, requiring their attendance at the October 12th hearing is burdensome to them and potentially unnecessary.  Therefore, the Court will continue both of their subpoenas to the first day of trial, Monday, October 25, 2010 at 8 A.M.  However, the Court will take up the 404(b) issues at the motions hearing on October 12, 2010 and will consider the testimony of M.T.P. and M.R.M., if necessary, as to the 404(b) issues on the first day of trial, October 25, 2010.  Accordingly it is,

ORDERED that government's Motion to Quash [Docket No. 82] is DENIED.  It is further

ORDERED that Non-Party M.T.P.'s Sealed Motion to Quash Subpoena for Failure to Comply with Rule 17(d) and as Unreasonable and Oppressive and Request for Forthwith Ruling [Docket No. 87] is DENIED.  It is further

ORDERED that the subpoenas on M.T.P. and M.R.M. are continued until 8:00 a.m., Monday, October 25, 2010.

DATED October 8, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge